IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Daniel E. Woods, et al.,          :

        Plaintiffs,          :

        v.          :          Case No. 2:09-cv-482

                  :

State Farm Fire & Casualty          JUDGE SARGUS
Company,          :

        Defendant.          :


<u>ORDER</u>

This case arises from a fire that destroyed the home of
plaintiffs Daniel and Christina Woods and the subsequent denial
of their insurance claim by defendant State Farm Fire & Casualty
Company.  Mr. and Mrs. Woods filed a three-count complaint in the
Court of Common Pleas of Licking County, Ohio, in which they
asserted causes of action against State Farm for breach of
contract, violation of the Ohio Consumer Sales Practices Act, and
breach of the duty of good faith and fair dealing.  State Farm
timely removed the action to this Court based on diversity of
citizenship.  Presently before the Court is State Farm's motion
to bifurcate and stay discovery as to counts two and three.  For
the following reasons, the Court will deny the motion.

I.  <u>Background</u>.

Rule 42 of the Federal Rules of Civil Procedure provides in
part as follows:

> **Separate Trials.** For convenience, to avoid prejudice,
> or to expedite and economize, the court may order
> a separate trial of one or more separate issues,
> claims, crossclaims, counterclaims, or third-party claims.
> When ordering a separate trial, the court
> must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).  Only one of the three factors need be met to justify bifurcation.  See <u>Saxion v. Titian-C-Mfg., Inc.</u>, 86 F.3d 553, 556 (6th Cir. 1996).

Bifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases.  <u>Chubb Custom Ins. Co. v. Grange Mutual Cas. Co.</u>, No. 2:07-CV-1285, 2008 U.S. Dist. LEXIS 91496 at *5-6 (S.D. Ohio Nov. 3, 2008)(Smith, J.).  While courts have almost unfettered discretion as to the manner and order in which they conduct trials, a decision ordering bifurcation should be grounded in the facts and circumstances of each case.  <u>Hoffman v. Merrel Dow Pharmaceuticals (In re Bendectin Litigation)</u>,857 F.2d 290, 316 (6th Cir.), <u>cert</u> <u>denied</u>, 488 U.S. 1006 (1989).  In determining whether bifurcation is appropriate, the court should consider potential prejudice to the parties, possible juror confusion, and any convenience and economy that would likely result.  <u>Martin v. Heideman</u>, 106 F.3d 1308, 1311 (6th Cir. 1997). Because "[t]he piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course," the party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion.  Wright & Miller, <u>Federal Practice and Procedure</u> §2388 (2d ed. 2006).

Trial courts also have broad discretion to stay discovery pending resolution of preliminary questions that may be case dispositive.  See <u>Smith v. Allstate Ins. Co.</u>, 403 F.3d 401, 407 (6th Cir. 2005).  Pursuant to Fed.R.Civ.P. 26(c), a court has the power to impose a stay of discovery and to specify its terms and conditions, and to otherwise limit discovery.

II.   <u>The Case Law</u>.

State Farm's request is predicated on the decision of <u>Boone</u>

v. Vanliner Ins. Co., 91 Ohio St.3d 209(2001). In Boone, the Ohio Supreme Court held that "[i]n an action alleging bad faith denial of insurance coverage, the insured is entitled to discover claims file materials containing attorney-client communications related to the issue of coverage that were created prior to the denial of coverage." Id. at syllabus. The court recognized that in some cases, the release of the claims file materials might undermine the insurance company's ability to defend on the underlying policy claim. Id. at 213-14. Where these concerns are deemed legitimate, the trial court may stay production of the claims file and other discovery related to the bad faith claim until the underlying coverage claim is resolved. Id. at 214.

Since Boone was decided, Ohio courts of appeal have had occasion to determine under what circumstances a common pleas court should bifurcate a bad-faith claim for trial and order a stay of discovery on that claim pending resolution of the underlying coverage claim. In Garg v. State Auto. Mut. Ins. Co., 155 Ohio App.3d 258, 266 (Montgomery Co. 2003), the appeals court found that the trial court's failure to bifurcate and stay discovery was "grossly prejudicial" to the defendant insurance company and thus constituted an abuse of discretion. The court of appeals pointed out that the claims file documents which were produced at the plaintiffs' request pursuant to Boone were highly relevant to the company's defense of the breach-of-contract and unfair-claims-practices claims. In the panel's view, "to require [the defendant] to divulge its otherwise privileged information prior to a resolution of those other claims would unquestionably impact [the defendant's] ability to defendant against them." Id. at 267. Two other Ohio courts of appeal have upheld a trial court's decision either to bifurcate a bad-faith claim or to stay discovery on such a claim until the issue of coverage has been decided. Thomas v. Nationwide Mut. Ins. Co., 177 Ohio App.3d

502, 525 (Cuyahoga Co. 2008); <u>Hahn's Elec. Co. v. Cochran</u>, Nos. 01AP-1391, 01AP-1394, 2002 Ohio App. LEXIS 5031 at *26 (Franklin Co. Sep. 24, 2002).

Federal courts in Ohio have at times also bifurcated bad-faith claims and stayed discovery pending resolution of other case-dispositive claims. In <u>Scotts Co. v. Liberty Mut. Ins. Co.</u>, No. 2:06-CV-899, 2007 U.S. Dist. LEXIS 65478 at *4-5 (S.D. Ohio Aug. 31, 2007), Magistrate Judge King held that the plaintiff would be prohibited from addressing its bad faith claim during the first stage of the litigation based on the court's prior decision to bifurcate that claim and stay discovery. In her prior order, Judge King noted that she had previously granted plaintiff's motion to compel production of claims file documents withheld under an asserted attorney-client privilege and that the defendant had produced those documents on May 31, 2007, for <u>in camera</u> review. <u>See</u> June 26, 2007 Opinion and Order p. 3 (doc. #94). Judge King presumably had the benefit of this <u>in camera</u> review when she determined that disclosure of the privileged documents at that stage of the proceedings would cause irreparable prejudice to the defendant because of their relevance to the plaintiff's other causes of action. <u>Id</u>. p. 6. Similarly, in <u>Ferro Corp. v. Continental Cas. Corp.</u>, No. 1:06-CV-1955, 2008 U.S. Dist. LEXIS 108010 at *14 (N.D. Ohio Jan. 7, 2008), after a thorough review of the documents submitted <u>in camera</u>, the court found that the defendants would be unfairly prejudiced and that the unique facts in that case justified bifurcation of the bad faith claim and a stay of discovery on that issue. <u>See also</u> <u>Libbey Inc. v. Factory Mut. Ins. Co.</u>, No. 3:06-CV-2412, 2007 U.S. Dist. LEXIS 45160 at *30-31 (N.D. Ohio Jun. 21, 2007).

As other federal courts have observed, however, <u>Boone</u> and <u>Garg</u> do not stand for the proposition that defendants in bad-faith cases faced with such disclosure will always suffer

prejudice or that a stay of discovery on the bad-faith issues is always justified.  See Bondex Int'l,Inc. v. Hartford Accident & Indemn. Co., No. 1:03-CV-1322, 2004 U.S. Dist. LEXIS 28795 at *12 (N.D. Ohio Feb. 19, 2004).  These courts have instead considered whether bifurcation or a stay is appropriate according to the circumstances in each individual case.  Maxey v. State Farm Fire & Cas. Co., 569 F.Supp.2d 720, 723 (S.D. Ohio 2008).  A defendant cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required.  See Bondex at *14 n. 6; Gaffney v. Federal Ins. Co., No. 5:08-CV-76, 2008 U.S. Dist. LEXIS 64450 at *5-6 (N.D. Ohio Aug. 21, 2008).  Similarly, a defendant may not rely on the mere possibility that resolution of the coverage issue may preclude plaintiff's bad-faith claim.  See General Electric Credit Union v. National Fire Ins., No. 1:09-CV-143, 2009 U.S. Dist. LEXIS 96085 at *15 (S.D. Ohio Sep. 30, 2009).  Where defendants have not sustained their burden of proof, motions to bifurcate and to stay have been denied.

III.  Legal Analysis.

A decision either to bifurcate discovery, or to stay discovery with respect to the plaintiffs' OCSPA and bad faith claims until their breach of contract claim is resolved, is committed to the Court's sound discretion.  That discretion must take into account the benefits and detriments to each party's interest which a stay would occasion, and it must also take into account the Court's interest in reaching a just, speedy and efficient resolution of the issues raised by the pleadings.  The decisions cited above recite most of the salient considerations. The Court must simply apply those considerations to the particular circumstances of the case before it in order to reach the correct result.

At this stage of the proceedings, discovery on the Woods'
bad-faith claim has yet to take place.  State Farm points out
that it is the plaintiffs' express intent to seek privileged
information through document requests and depositions as to the
communications between its insurance adjuster and Timothy Ryan,
Esq.  State Farm argues that the resulting disclosure of
otherwise privileged information will give the plaintiffs insight
into the legal theories and strategies it may use to defend the
breach of contract claim and is therefore certain to result in
significant prejudice.  State Farm, however, does not offer any
specifics as to how it will be prejudiced.

Because substantial discovery has not taken place, many of
the facts needed to determine whether bifurcation is appropriate
are unknown.  See Gaffney, 2008 U.S. Dist. LEXIS 64450 at *8.
There is no reason to believe at this juncture that a jury would
be confused by the presentation of evidence on both the insurance
coverage and State Farm's alleged bad faith.  See Hauck Holdings
Columbia SC, LLC v. Target Corp., No. C-1-08-682, 2009 U.S. Dist.
LEXIS 47417 at *6 (S.D. Ohio May 26, 2009).  In addition, the
plaintiffs have not formally requested privileged documents from
State Farm's claims file and have not noticed Mr. Ryan's
deposition.  Nor has State Farm produced such documents for an in
camera review.  Accordingly, any prejudice to State Farm from
trying the claims together or from simultaneous discovery is
speculative at this time.  See Gaffney, supra.  On the other
hand, requiring the plaintiffs to engage in two separate sets of
discovery and two trials should they prevail on their breach of
contract claim would result in considerable prejudice given their
limited finances.  Lastly, State Farm has not shown on the
present record that granting its motion would promote the goals
of convenience and judicial economy.

## IV.  Disposition and Order.

Based on the foregoing reasons, State Farm's motion to bifurcate and stay discovery (#14) is denied as premature.  If the plaintiffs indeed seek documents that State Farm believes are protected by the attorney-client privilege, it may challenge such document requests pursuant to the applicable federal civil rules or S.D. Ohio Civ. R. 37.1 to prevent prejudice.  See General Electric Credit Union, 2009 U.S. Dist. LEXIS 96085 at *14.  State Farm may also request an in camera review of any disputed documents as occurred in Scotts and Ferro, supra.  The Court is willing to reconsider the motion to bifurcate if at the close of discovery, State Farm can show that it will suffer legal prejudice in the event the coverage and bad-faith claims are tried together.  See Hauck Holdings, 2009 U.S. Dist. LEXIS 47417 at *22; Gaffney, supra; Bondex Int'l, 2004 U.S. Dist. LEXIS 28795 at *21.

## V.  Appeal Procedure.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 7(b).  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge